UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YASIR CREACH,

                                    Plaintiff,

        v.                                                          1:20-CV-199
                                                                    (DNH/CFH)
DOE, Assistant District Attorney; DANIEL MCCOY,
C.E.O. Public Defender's Office; CRAIG APPLE,
Sheriff A.C.C.F; RICHARD CRUDO, Shift Commander
A.C.C.F; ANTHONY MANCINO, Chief Clerk Albany
City Court,

                                    Defendants.


APPEARANCES:

Yasir S. Creach
20-A-0222
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034
Plaintiff pro se

### REPORT-RECOMMENDATION & ORDER

        Plaintiff pro se Yasir S. Creach purported to commence this action on February 24,

2020 with the filing of a complaint and application to proceed In Forma Pauperis ("IFP").

Dkt. No. 1 (Compl.), Dkt. Nos. 2-3. The Court administratively closed the matter with

opportunity to comply with the filing fee requirement.  Dkt. No. 5.  Thereafter, plaintiff

submitted a new IFP application, and the matter was reopened.  Dkt. No. 6. Presently

pending before the undersigned are plaintiff Motions for Leave to IFP and Motions for

Appointment of Counsel.  Dkt. Nos. 3, 6, 9, 13.  After reviewing the Motions for Leave to

Proceed IFP, the undersigned concludes that plaintiff financially qualifies to proceed IFP for

purposes of filing only.  Dkt. Nos. 6,[1] 13.[2]

## II.  Initial Review

### A.  Legal Standard

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[1]  This IFP application was not accompanied by an account statement signed by an appropriate facility official, and, therefore, is insufficient.  Dkt. No. 6.  However, the second application is signed by an authorized officer.  Dkt. No. 13.

[2]  Plaintiff is advised that, despite being granted IFP status for purposes of filing, he is financially responsible for all costs and fees associated with litigating this matter, including witness fees and copying costs.  See N.D.N.Y. L.R. 5.4(a).

such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8 (a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Fed. R. Civ. P. provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be

3

stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed.  See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y.1996) (McAvoy, J.), aff'd, 113 F.3d 1229 (2d Cir.1997).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would

be able to cure the identified defects.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## B.  Complaint

First, plaintiff's complaint, which is written on a form complaint for civil rights actions brought pursuant to 42 U.S.C. §1983, fails to comply with Fed. R. Civ. P.10(b) as it does not contain claims in numbered paragraphs limited to a single set of circumstances. Further, it does not fully comply with Rule 8 as it does not clearly set forth  a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8. However, in light of the special solictude due to plaintiff pro se, the Court will review the submitted complaint to the best of its ability.

Plaintiff provides that on an unspecified date in July 2017, he was "being held at ACCF for a robery [sic] felony that was later droped [sic] to a misdermeaner [sic][.]" Comp. at 5.  At plaintiff's second court appearance "at the Albany City Police Court" he was released on his own recognizance.  Id.  Plaintiff provides that his attorney, who he identifies only as "Megan,"[3] "advised me that I was being let out upon returning to the jail[.]" Id.

---

[3]  "Megan" is not named as a defendant.  It is unclear if the "Doe" Assistant District Attorney mentioned in the caption is intended to be "Megan."

Plaintiff states that Megan's supervisor, Daniel McCoy, "was also there [sic] litigating[] when I arrived at the (ACCF) Jail." Id.

Although plaintiff "was anticipating being released," the booking officer sent plaintiff to his unit[.]" Compl. at 5. The booking officer informed plaintiff that the jail did not receive any paperwork. Id. at 6. Plaintiff contends that the absence of paperwork meant that McCoy "never and failed to advise the Clerk of the Court (Jane Doe) to send or fax my release papers nor did either of them give them to the transportation officers." Id. Plaintiff requested to speak to Sargent Crudo "who computates [sic] time for all inmates," but two unnnamed booking officers[4] refused this request and told him "to go to my unit before any sanctions would occur." Id

Once at his unit, plaintiff asked "the control booth officers to check if I had any holds or warrents [sic]." Compl. at 6. A control booth officer advised plaintiff that there were no holds, warrants, or court dates. Id. Plaintiff "complained to every housing officer and sgt [sic] of the bldg [sic] A of why am I being unlawfuly [sic] detained they said that there [sic] was nothing they could do." Id. Plaintiff asked to speak to the Sheriff, but was denied. Id. Plaintiff later "called the Albany Public Defender Office and could not get a hold of my attorney (Megan)" but "was forwarded to her superviser [sic] Daniel McCoy currently CEO of the Albany County." Id. Plaintiff explained to McCoy that he "was still being held against my will unlawfuly [sic] detained." Id. at 6-7. McCoy advised plaintiff "that their [sic] must of been some kind of mistake. He then assured me that he would take care of it. I was released the following evening." Id. at 7. It appears that plaintiff was kept incarcerated for

---

[4] The booking officers are not named as defendants herein.

one week after being ordered released from the judge.  Dkt. No. 9 at 4.

Plaintiff does not identify any specific constitutional provision that he alleges was violated.  Compl. at 8.  Instead, he alleges that he was unlawfully detained because of "the Clerk not faxing over release papers, nor did public defender supervisor Daniel McCoy advise her to do so."  Id.  Plaintiff also lists as a cause of action the fact that he "asked to speak to Sgt Curdo of Booking numerous differant [sic] times and was denied to do so."  Id.  Finally, plaintiff lists as a cause of action that the "unit officers" denied his request to speak to "any superintendent of Craig Apple directly[,]" and he "went through the chain of command and they still unlawfuly [sic] detained me."  Id.  Plaintiff seeks $50,000 in his prayer for relief.

Plaintiff indicates that he did not file a grievance at his correctional facility related to this issue.  Compl. at 2.  Although plaintiff does not discuss the grievance procedure within his complaint, within his second IFP application, plaintiff states:

> as far as why I never used the grievance policy at Albany county jail I would like to give full explanation to the courts [sic] officers were using way to [sic] much intimidation tactics as well sat he issue was not concerning any policy or regulation and it was essentially from an outside agency which is the Albany police court.

Id.

## C. Analysis

As a threshold issue, plaintiff's complaint fully fails to specify which, if any, of his constitutional rights have been violated.  See generally Compl.  As the Eastern District of New York has previously set forth, a plaintiff, even if pro se :

7

cannot escape the requirement that, in order to maintain an action under 42 U.S.C. Section 1983, he must allege a violation of at least one of his federal rights. See Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' "). It is not enough for the plaintiff to allege that there were constitutional violations " 'in the air, so to speak....' " Cf. Palsgraf v. Long Island Railroad Co., 248 N.Y. 339, 341, 162 N.E. 99 ([N.Y.] 1928) (Cardozo, C.J., quoting Pollock, Torts 455 (11th ed.)). Hence, despite the opaque and inconsistent submissions of the plaintiff, it is necessary for this court to identify those rights to which plaintiff alludes in his complaint and to determine whether he has stated a claim as to their violation as required by Section 1983.

Roundtree v. City of New York, 778 F. Supp. 614, 618 (E.D.N.Y. 1991).


## 1.  Habeas Corpus Relief

Reading the complaint liberally, plaintiff alleges that he was subjected to unlawful imprisonment insofar as he was not released from Albany County Correctional Facility for one week, despite being ordered released by a judge from the "Albany City Police Court."[5] Compl. at 5.  Challenges to the validity of confinement or its duration are to proceed under a petition for habeas corpus relief, 28 U.S.C. § 2254, whereas challenges as to the circumstances or conditions of confinement are brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants collectively unlawfully detained him; thus, plaintiff appears to seek to challenge the validity of his confinement, rather than the circumstances of his confinement, and it would appear that the claim would be more properly brought as a

---

[5]  In referencing the Albany City Police Court, it appears plaintiff is likely referring to the Albany City Court, Criminal Part.  See http://ww2.nycourts.gov/courts/3jd/albany/3JD-Albany%20City%20Criminal.shtml (last visited June 10, 2020).

petition for habeas corpus.[6]  However, as plaintiff provides that he was released from custody one week after the judge ordered his release, there is no active case or controversy nor does plaintiff allege a "continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ."  So v. Reno, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003); see also Reid v. Superintendent, Altona Corr. Facility, No. 9:09-CV-0820 (GTS), 2010 WL 4962990, at *2 (N.D.N.Y. Dec. 1, 2010)[7] ("Habeas petitioners no longer in custody must demonstrate the existence of a 'concrete and continuing injury' or some 'collateral consequence of the conviction' in order for a petition to be granted.") (additional internal quotation marks and citation omitted).  Thus, as plaintiff has long been released from custody, it would serve no purpose to review the complaint as a petition for habeas corpus relief as any such claims would have been mooted by his release from the Albany County Correctional Facility, which he provides occurred one week after the Albany City Court Judge ordered his release.  Accordingly, insofar as the complaint may be liberally interpreted as attempting to proceed as a habeas corpus petition, it is recommended that it be dismissed with prejudice.

Insofar as plaintiff attempts to proceed under section 1983, plaintiff must set forth specific, colorable allegations against named defendants who have subjected him to unconstitutional conditions of confinement.  The undersigned will review below whether

---

[6]  Nothing in plaintiff's complaint suggests that he is attempting to challenge an underlying conviction or sentence.  See generally Stewart v. Schult, No. 9:09-CV-195 (GLS/VEB), 2009 WL 1813279, at *2 (N.D.N.Y. June 25, 2009) (collecting cases that state that habeas petition is moot where the petitioner did not challenge the underlying sentence or conviction and has since been released from custody); see also Reid, 2010 WL 4962990, at *2 (holding that where the petitioner "does not challenge his underlying conviction, no presumption of collateral consequences exist[] . . . .").

[7]  Unpublished cases cited herein have been provided to plaintiff pro se.

9

plaintiff has set forth a plausible claim under section 1983.

## 2. Due Process

Reading the complaint with a very liberal lens, it is arguable that plaintiff seeks to bring a claim for a violation of his due process rights under the Fourteenth Amendment. See generally Brunson v. Duffy, 14 F. Supp. 3d 287, 291 (S.D.N.Y. 2014) ("The Second Circuit has interpreted such a claim to fall under the Fourteenth Amendment's guarantee of due process, either as a general guarantee of a "liberty interest in being set free at the end of [a] term" of imprisonment, or as a specific guarantee of the Eighth Amendment's "protection against cruel and unusual punishment" as applied to the states.") (internal citations omitted).  This Court has previously held,

> "'[i]n order to obtain relief for continued detention under § 1983, a prisoner must show that a prison official was aware of his overstay and was deliberately indifferent in rectifying the problem.'" Brunson v. Duffy, 14 F. Supp. 3d 287, 293 (S.D.N.Y. 2014) (quoting Todd v. Hatin, No. 2:13-CV-05, 2013 WL 3990815, at *5 (D. Vt. Aug. 5, 2013) (finding that plaintiff stated a § 1983 claim where he alleged that prison officials "kn[ew] about his unwarranted imprisonment" and that there was a "connection between the [d]efendants' inactions or ineffectual actions and the time that [the plaintiff] was wrongfully incarcerated")).

Praileau v. New York, No. 1:17-CV-836 (GLS/CFH), 2017 WL 6033738, at *6 (N.D.N.Y. Nov. 8, 2017), report and recommendation adopted, 2017 WL 6033420 (N.D.N.Y. Dec. 5, 2017).

Here, although plaintiff names as defendants Sheriff Craig Apple and Commander Richard Crudo in the complaint, his only mention of these defendants is that he requested of various unnamed correctional facility staff to speak to these officers, but was not

10

permitted to speak to them.  See Compl. at 6.  There is no indication that plaintiff spoke to either Apple or Crudo or contacted them directly in any way such that they were at all aware that plaintiff was held after being ordered released by an Albany City Court judge.  Id. Thus, plaintiff fails to demonstrate even Apple or Crudo's knowledge of plaintiff's alleged unlawful confinement.  Plaintiff has failed to demonstrate that any prison officials who would have had the authority to release him had knowledge of plaintiff's alleged unlawful detention.[8]  Further, he has not demonstrated their personal involvement in any alleged constitutional violation.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir.1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir.1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995) (citing Williams v. Smith, 781 F.2d 319,

---

[8]  The undersigned notes that although plaintiff mentions speaking to unnamed prison employees who refused to permit him to speak to Apple or Crudo, he has not named any of these Albany County Correctional Facility employees as defendants.

323–24 (2d Cir.1986)).  Accordingly, it is recommended that, insofar as the complaint can be read as attempting to bring a Fourteenth Amendment due process claim against Apple and Crudo relating to his claim of unlawful detention or any other potential constitutional claim, such claims be dismissed without prejudice.

Similarly, in addition to failing to demonstrate Apple or Crudo's personal involvement in plaintiff's alleged unlawful confinement, plaintiff has not even demonstrated that Apple or Crudo had any personal knowledge of plaintiff's alleged unlawful confinement.  Indeed, plaintiff suggests that the Clerk of the Court, his attorney, and/or McCoy neglected to send his release papers to the correctional facility; thus, under plaintiff's facts, it would appear that the correctional facility and staff would not have been aware that plaintiff had been ordered released. See generally, Civ.A. No. 91-0423, Moore v. Tartler, 1991 WL 129836, at *3 (E.D. Pa. July 8, 1991) ("To establish liability in this context, a plaintiff must first demonstrate that a prison official *had knowledge* of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted.") (emphasis added). Thus, the undersigned concludes that plaintiff has failed to state a constitutional claim against defendants Apple or Crudo both for failure to explain how the Clerk of the Court's or his attorney;s alleged failure to send release papers to the correctional facility equates to a conclusion that either Apple or Crudo were personally involved in plaintiff's constitutional rights and his related failure to show that defendants had knowledge of the Clerk of the Court's alleged failure.

Finally, to the extent plaintiff's complaint may be interpreted as suggesting that either Apple or Crudo could be said to have inferred knowledge due to their alleged supervisory

12

roles, it is well-settled that there is no liability under section 1983 on the basis of respondeat superior.  See, e.g., Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted).  Thus, as plaintiff has not demonstrated Apple or Crudo's personal involvement in refusing his release from the correctional facility nor any other constitutional violation, it is recommended that any claims against Apple or Crudo relating to plaintiff's unlawful confinement be dismissed.

Insofar as plaintiff seeks to proceed against defendant Anthony Mancino, as Chief Clerk of the Albany City Court, plaintiff also fails to state a constitutional claim against him. Plaintiff fails to demonstrate first, that the alleged failure to send plaintiff's release papers to the correctional facility was intentional, and second, what constitutional provision Mancino violated in allegedly neglecting to send the release papers.[9]  A complaint that fails to sufficiently contain "a short and plain statement fo the claim showing that the pleader is entitled to relief" by giving the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005), in order to "facilitate a proper decision on the merits" is one that "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." Gonzales, 167 F.R.D. at 355.  Thus, the current complaint fails to sufficiently allege a claim that Mancino violated any cognizable constitutional right.

Next, insofar as plaintiff contends that Daniel McCoy, as "supervisor" to his assigned

---

[9]  The Court also notes that it is not clear that it would be Mancino's responsibility, as Clerk of the Court, to ensure that the correctional facility obtained plaintiff's release papers.

13

public defender,[10] "Megan,  violated unspecified constitutional rights by failing to ensure that the correctional facility obtained his release papers, plaintiff again fails to demonstrate that the failure was intentional nor does he identify which constitutional provision, cognizable under section 1983, was violated by McCoy's apparent failure to ensure that the correctional facility obtained the release papers in a timely fashion.  Even if McCoy is in a supervisory role over plaintiff's counsel, as indicated above, there is no respondeat superior liability under § 1983, his role as a supervisor, alone, does not allow for liability.  Richardson, 347 F.3d at 435.  Accordingly, the complaint fails to state a claim against McCoy.

### 3. Exhaustion

Insofar as plaintiff appears to suggest that his complaints to various correctional facility employees for assistance or to speak with Curdo or Apple amounted to a violation of his constitutional rights,[11] it is unclear what constitutional right would be implicated.  Further, insofar as plaintiff may be seeking to proceed against correctional facility staff for failing to assist him in contacting various supervisors at the Albany County Correctional Facility, it is noted that no such staff are named as defendants.  Regardless, it would appear that any such claim against correctional staff for allegedly refusing to permit him to speak with Crudo or Apple would be required to proceed through the facility's grievance procedure.  As plaintiff has indicated that he did not file any grievance through the correctional facility, it

---

[10]  It is also noted that it is unclear to the Court how Daniel McCoy, who is County Executive of Albany County, and, thus, not directly a part of the Public Defender's Office, is considered a supervisor of plaintiff's attorney, "Megan," who appears to be an assistant public defender.

[11]  It is noted that plaintiff does not appear to name these correctional employees as defendants.

would appear any such claims would be unexhausted.  However, plaintiff does suggest, *albeit not in his complaint*, that he was "intimidated" against filing a grievance and potentially that it was a matter that was not about the correctional liability, but the Court.  Accordingly, it is recommended that such claims be dismissed without prejudice and with opportunity to amend to set forth any argument that he may have regarding exhaustion and reasons to why administrative remedies may have been unavailable to him.

### 4.  Official Capacity Claims

The complaint is unclear as to whether plaintiff seeks to proceed against the defendants in their individual or official capacities.  However, because the defendants are state employees, plaintiff cannot proceed on his section 1983 claims against the defendants in their official capacities.  This is because "claims against a government employee in his official capacity are treated as a claim against the municipality." Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). Accordingly, it is recommended that, insofar as the complaint can be read as seeking to bring claims against the defendants in their official capacities, all claims against the individual officers in their official capacities be dismissed with prejudice as barred by sovereign immunity.  This recommendation has no bearing on plaintiff's ability to proceed against the individual officers in their individual capacities.

### III.  Motions for Appointment of Counsel

Plaintiff requests appointment of counsel, indicating that he is "a layman of the law,"

"disabled phisically [sic] with a speech studder [sic] as well as a mental health diagnosis of PTSD, ADHD, Anxiety, Depression." Dkt. No. 3.  Further, plaintiff provides that his case is "a very delicate lawsuit" "with "some minor loop holes such as not knowing some of the names of defendants and so I[']m a bit intimidated I would also ask if you could have this thoroughly investigated." Id.

In plaintiff's second Motion for Appointment of counsel, plaintiff again indicates that he is "a layman of the law," that he has "made an attempt to find out the names of the two defendants jane doe, clerk and jane doe, A.D.A via F.o.i.l. sent directly to the police court of Albany still no response." Dkt. No. 9 at 1.  Plaintiff indicates that he "fear[s] . . . that there could be a deadline." Id.  Plaintiff again provides that he has

> both mental health diagnosis that make me disabled as per mentally iv [sic] been suffering with severe A.D.H.D. since a most recentlly [sic] I was diagnosed with P.T.S.D. anxiety and deppression [sic].  for this I take medacation [sic] and have an extensive history being medicated, im also on SSI SSDI my recent injury of being illegally detained having my liberty restrained has only made matters worse.

Id. at 2.

Prior to evaluating a request for appointment of counsel, a party must demonstrate that he is unable to obtain counsel through the private sector or public interest firms. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173-74 (2d Cir. 1989) (citing Hodge, 802 F.2d at 61). Plaintiff provides that he has contacted five different attorneys in his effort to obtain counsel, and none of the attorneys were able or willing to represent him.  Dkt. No. 7 at 1.

Courts cannot utilize a bright-line test in determining whether counsel should be

appointed on behalf of an indigent party.  Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  In Terminate Control Corp. v. Horowitz, the Second Circuit reiterated the factors that a court must consider in ruling upon a motion seeking assignment of counsel:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994)  (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  Of these criteria, the Second Circuit has emphasized the importance of assessing "whether the indigent's position was likely of substance."  Cooper v. A. Sargente & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Thus, appointments of counsel are not to be granted "indiscriminately."  Id.  Although 28 U.S.C. § 1915(e)(1) authorizes the court "to request an attorney to represent any person unable to afford  counsel," a civil litigant has no constitutional right to the assistance of counsel.  Berrios v. New York City Housing Auth., 564 F.3d 130, 135 (2d Cir. 2009).

First, plaintiff has provided to the Court two letters that he alleges to have sent to obtain counsel: one to the Law Offices of Mathew B. Waler and one to the Legal Aid Society of Northeastern New York.  Dkt. No. 9 at 3-4.  However, he has not indicated any other efforts nor provided whether he obtained any responses.  Id.

Second, this case is at the earliest stage.  It has only just been commenced and this Court has not yet determined whether any of plaintiff's claims may even proceed.  Thus, the

17

Court only has the complaint on which to base its decision whether this action is "likely of substance." Cooper, 877 F.2d at 172.  Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his claims against the defendants, he does not meet the first requirement imposed by the Second Circuit relative to application seeking appointment of counsel.  Harmon v. Runyon, No. 96-CV-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997).

Third, upon initial examination of the case, although plaintiff contends that his mental illness and that he is a layman of the law makes it difficult for him to litigate this action, it appears that plaintiff has been able to represent himself thus far by communicating with the Court and expressing his legal claims.  Although it is possible that there will be more complicated matters that may arise should this action get past dispositive motions and proceed to trial, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." Velasquez v. O'Keefe, 899 F. Supp. 974, 974 (E.D.N.Y. 1994).  That plaintiff is pro se and inexperienced in legal matters, and defendants are likely to be represented by counsel should they appear in this action, does not require this Court to appoint plaintiff counsel. Were that the case, counsel would need to be appointed to nearly every pro se plaintiff in civil actions.  Appointment of counsel in civil cases is a privilege which is justified only by exceptional circumstances, not a right accorded to any plaintiff who would be better equipped or would feel more comfortable with legal representation.  Although plaintiff may prefer the assistance of counsel, as indicated it does appear, based on plaintiff's submissions, that he is capable of representing his positions.  See, e.g., Brown v. Enzyme

18

Dev. Div. of Biddle Sawyer Corp., 780 F. Supp. 1025, 1026 (S.D.N.Y. 1992).  Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case.  See Ballard v. United States, 11 Civ. 7162 (JSR)(RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general comment that he is completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case.").[12]   Insofar as plaintiff points out that he does not know the name of certain defendants, it is noted that, should this matter proceed, plaintiff will be able to pursue identification of such defendants through the discovery process.  Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Accordingly, plaintiff's motions for appointment of counsel are denied.  Dkt. Nos. 3, 9.  Plaintiff may only file a future motion for appointment of counsel if he both demonstrates the specific efforts he has taken to obtain counsel on his own, along with proof of such efforts, and if he has demonstrated a significant change in his circumstances warranting the Court's reconsideration.

## IV.  Conclusion

In sum, although the current complaint fails to identify any plausible constitutional claims or sufficiently explain how defendants were personally involved in any violations of

---

[12]  Unpublished cases cited within this Decision & Order have been provided to plaintiff pro se.

his constitutional rights, in light of special solicitude, it is recommended that plaintiff be given one opportunity to file an amended complaint to specify how these defendants were personally involved in <u>specific</u> constitutional violations, identify the constitutional provisions that were violated and how each defendant violated such rights. <u>See</u> <u>generally</u> <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)) (alteration omitted) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").  Further, to the extent plaintiff is able to demonstrate violations of specified constitutional rights, plaintiff must also demonstrate either the exhaustion of administrative remedies or how administrative remedies were unavailable to him.

Accordingly, it is **HEREBY**

**ORDERED**, that plaintiff's IFP applications (dkt. nos. 6, 13) are **GRANTED** for the purposes of filing only; and it is further

**ORDERED**, that plaintiff's motions for appointment of counsel (dkt. nos. 3, 9) are **DENIED** for the reasons set forth herein; and it is

**RECOMMENDED**, that insofar as plaintiff may seek to proceed against defendants in their official capacities, such claims be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, insofar as plaintiff seeks to challenge the validity or length of his confinement through a habeas petition, such claims be **DISMISSED AS MOOT** due to plaintiff's release from confinement; and it is further

**RECOMMENDED**, that, the remainder of plaintiff's complaint, dkt. no. 1, to the extent

it purports to proceed under 42 U.S.C. §1983, be **DISMISSED without prejudice**,[13] for

failure to state a claim; and it is further

RECOMMENDED, that, if the District Judge permits the filing of an amended

complaint, plaintiff will have thirty (30) days from the date of the District Judge's Order to

file such amended complaint, and should plaintiff decline to make such a filing, it will be

deemed as an abandonment of any claims for which leave to replead has been granted and

will result in judgment being entered against plaintiff on these claims without further order

by the Court; and it is

ORDERED, that the Clerk of the Court serve this Report-Recommendation & Order

on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of

the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS

WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.

1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see

---

[13]

Plaintiff is advised that an amended complaint is intended to completely replace the
prior complaint in the action, and thus it "renders [any prior complaint] of no legal
effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert.
denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014,
98 S.Ct. 730, 54 L.Ed.2d 758 (1978); see also Shields v. Citytrust Bancorp, Inc., 25
F.3d 1124, 1128 (2d Cir.1994). Therefore, plaintiff's amended complaint must
include all of the allegations against each of the defendants against whom the case
is going forward so that the amended complaint may stand alone as the sole
complaint in this action which the defendants must answer.

Wiggins v. Buffalo Police Dep't, 320 F. Supp. 2d 53, 59 (W.D.N.Y. 2004).

also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[14]

       Dated: June 16, 2020
            Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[14]    If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).